UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-15128 |
| | : | CHAPTER 11 |
| IVAN HUGO SAMOILO d/b/a GEORGE'S RESTAURANT, DEBTOR | : | |
| | : | |
| IVAN HUGO SAMOILO, Movant | : | RELATED TO DOCUMENT NOS. 143, 155, AND 165 |
| vs. | : | |
| CITIZENS BANK OF PENNSYLVANIA, VENTURE CAPITAL ASSETS GROUP, A DIVISION OF VENTURE RESEARCH SYSTEMS, INC., COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY UNEMPLOYMENT COMPENSATION FUND, COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE, UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, AND ERIE COUNTY PENNSYLVANIA TAX CLAIM BUREAU, Respondents | : : : : : : : : : : : : : : | |

## **MEMORANDUM**

Debtor and Citizens Bank of Pennsylvania (the "Bank") dispute the proposed distribution of the net proceeds of sale of the Debtor's restaurant real estate and restaurant equipment.

The procedural vehicle for the dispute is DEBTOR'S MOTION TO DETERMINE EXTENT OF BANK'S SECURED CLAIM.

Debtor asserts that the appropriate date of valuation of the Bank's collateral for purposes of determining the Bank's secured status is the date of the bankruptcy filing. Debtor further asserts that the appropriate value is the amount of $125,000 as listed in the Debtor's schedules even though the property subsequently sold for $170,000.

Debtor directs our attention to In re Wood, 190 B.R. 788 (Bankr. MD. PA. 1996) in which the court cites numerous cases with diverse holdings on the issue of the applicable date of valuation. The Wood court's review of the numerous decisions led it to conclude that the choice as to which date of valuation to use should turn on numerous equitable factors.

In this case, Debtor asserts that the value of the Bank's collateral increased while the bankruptcy case was proceeding. Debtor bases the allegation on the difference between the values shown in the schedules prepared by the Debtor at the bankruptcy filing date in October 2005 and the price obtained at the sale in May 2007.

The restaurant operation was a going concern both at the time of filing and at the time of sale. Debtor's post-petition operations lost money, generating unpaid post-petition administrative claims despite repeated admonishments by the Court. Debtor's operation continued because of assurances by Debtor that an eventual sale price would be sufficient to satisfy all secured obligations and pay administrative claims. Operations of the restaurant at a loss for 19 months would not increase the going concern value. Debtor may well have understated the values of the property in the Petition. We find no reason to conclude that the sale value of $170,000 was any different than the actual going concern value in October 2005.

Both the Debtor and the Bank were at risk during the continued operation. Debtor failed to pay any of the court-ordered $2,000 per month adequate protection payments which were meant to protect the Bank. The Bank was at risk for any deterioration in the value of its collateral. Despite repeated admonishments from the Court regarding ongoing losses and increasing administrative claims, Debtor elected to continue the risk of the operation.

We conclude that the Bank is entitled to all remaining proceeds from the sale of the restaurant and equipment to apply to its secured claim pursuant to 11 U.S.C. § 506(b). An appropriate Order will be entered.

September 18, 2007                                    /s/ Warren W. Bentz
                                                                   Warren W. Bentz
                                                                   United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-15128 |
| | : | CHAPTER 11 |
| IVAN HUGO SAMOILO d/b/a GEORGE'S RESTAURANT, DEBTOR | : | |
| | : | |
| IVAN HUGO SAMOILO, Movant | : | RELATED TO DOCUMENT NOS. 143, 155, AND 165 |
| vs. | : | |
| CITIZENS BANK OF PENNSYLVANIA, VENTURE CAPITAL ASSETS GROUP, A DIVISION OF VENTURE RESEARCH SYSTEMS, INC., COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY UNEMPLOYMENT COMPENSATION FUND, COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE, UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, AND ERIE COUNTY PENNSYLVANIA TAX CLAIM BUREAU, Respondents | : | |

## **ORDER**

This 18th day of September, 2007, in accordance with the accompanying Memorandum, it is ORDERED that Debtor's counsel shall pay all remaining proceeds of the sale of the restaurant and equipment to Citizens Bank of Pennsylvania on its secured claim.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge